STATE OF MAINE                          DISTRICT COURT
                                        DIV. OF SO. KENNEBEC
                                        LOCATION: AUGUSTA
KENNEBEC, ss.                           DOCKET NO. AUG-CV-02-41


YIM K. CHEUNG,

        Plaintiff

        v.                              **JUDGMENT**

WING KI WU and
CINDY WU,

        Defendants


This matter came on for hearing on the plaintiff's complaint seeking payment on a promissory note. Because the court finds that the defendants are in default with regard to the promissory note, the judgment will be for the plaintiff, however not in the amount which he is seeking.

## Background

Yim Cheung and Wing Wu are in the Chinese restaurant trade. Cheung was the sole shareholder in Cheung Lee Garden, Inc., d/b/a Canton Village in Gardiner. Wu and his wife Cindy wished to purchase the restaurant by a purchase of Cheung's stock. Wu would pay a portion of the purchase price in cash at closing, with the balance payable under the terms of a promissory note, with payments beginning November 1, 1999. The documents were prepared by an attorney familiar with the business.

Wu continued his monthly installment payments to Cheung until the payment due in January 2002, when a partial payment was made.. According to Wu, the payments stopped because Cheung was refusing to reimburse Wu for several expenses attributable to the business which accrued prior to the sale and for which Wu felt Cheung was responsible. There is no question that the defendants failed to make their

January 1, 2002 payment and are in default on the note. Cheung seeks payment of the balance of $25,885.67 plus interest and reasonable counsel fees.

The defendants' answer to the complaint denies that it failed to make the full payment on January 1, 2002, or payments thereafter. However, the real issue, though not pled, is the defendants' position that they should receive credit in some way for bills the plaintiff should have paid but which they paid instead and for which the plaintiff refused to reimburse them. The defendants' initial argument was that their payment of these bills constituted a "prepayment" of the note under a provision that states "Maker may prepay this note or any portion thereof at any time without penalty." This provision is clearly and unambiguously intended to allow the borrower o pay off the note early to save interest payments without any penalty – such as the avoided interest – for such early payment. There is nothing in the note authorizing prepayment by payments to third parties and such interpretation would be beyond the clear intent of the agreement.

Since the defendants' "prepayment" argument fails, the court will examine whether the defendants position is viable under other appropriate theories. Because the debts in question all arise out of operation of the Gardiner restaurant which was the subject of the sale, what the defendants are seeking would properly be termed a "recoupment." *Innis v. Methot Buick-Opel, Inc.*, 506 A.2d 212, 217 (Me. 1986). The defendants did not plead the defense of recoupment in their answer; nor did they bring a counterclaim on this basis. Ordinarily, this failure in pleading would be considered a waiver of the defense or counterclaim. However, in earlier proceedings the courts have recognized this issue in the present case and have allowed it to be litigated. In an Order on Motion for Summary Judgment, after noting that there was no genuine issue as to the amount due from the defendants under the promissory note and certain amounts

for which the plaintiff was responsible, the motion judge stated, "The Court finds that there are genuine issues of material fact as to all other claims of defendants <u>as to payment</u>, the composite of which is claimed to constitute discharge of the liability under the note." (Emphasis provided). Further, in a Pre-Trial Order following a trial management conference, another judge stated, "The court has allowed defendant to plead payment as an affirmative defense." Thus, whether correct or not, the law of the case which must govern at trial is that the defendants are allowed to pursue their recoupment defense. Nor is this a surprise to the plaintiff, since his Trial Memorandum submitted prior to the trial acknowledges the prior court ruling that established as the law of the case the defendants' ability to pursue the unplead defense.

## Discussion

After considering all of the testimonial and other evidence presented, the court finds and concludes that the defendants are in default in their payments pursuant to the promissory note, and as a result, they are liable to the plaintiff under the contract for the full amount of the outstanding balance on the note minus their recoupment. As part of the Pre-Trial Order noted above, it is stated, "The parties agree that if the defendants owe anything, their maximum liability is $25,646.27 as of January 1, 2002. This amount, plus applicable interest, will be starting point to determine the final judgment amount.

The payments which the defendants have made and for which they feel the plaintiff is responsible run the gamut from payroll expenses to taxes and utilities, advertising and repairs. Although these are corporate obligations, the stock purchase agreement specifically provides:

> All account's (sic) payable, bills or charges of Cheung Lee Garden, Inc. incurred prior to October 1, 1999, shall be the sole responsibility of Yim K. Cheung. All account's (sic) payable, bills or charges of Cheung Lee Garden, Inc. incurred after October 1, 1999, shall be the sole responsibility of Wing Ki Wu.

Thus, the corporate responsibility became the personal responsibility of the individual former stock holder, Mr. Cheung.

After reviewing the many detailed claims made by the Wu's, the court is satisfied that most of these claims for recoupment are just and should be used to reduce the amount of the final judgment. However, the court will not allow for recoupment the security deposit payment for the commercial lease, credit for LP gas, certain prorated telephone directory advertising and repair items and changes made to conform with Bureau of Health regulations. The total amount of recoupment allowed is $11,434.57.

The plaintiff also seeks reimbursement for his reasonable attorney's fees, as provided in the promissory note. However, in light of the fact that it was the plaintiff who first breached the contract by failure to take responsibility for his appropriate share of the outstanding bills, and the fact that the defendants also have their own attorney's fees, the court finds it would be unjust and a windfall to the plaintiff to require the defendants to pay those fees under the circumstances. Therefore, the court does not order reimbursement of either the plaintiff's or the defendants' attorneys' fees by the other party.

Therefore, the entry will be:

> Judgment for the plaintiff in the amount of $25,646.27 plus interest and court costs, less recoupment in the amount of $11,434.57.

Dated: September __20__, 2005

_S. Kirk Studstrup_
S. Kirk Studstrup
Justice, Superior Court sitting as
Judge, District Court

YIM K CHEUNG  - PLAINTIFF
3 STONERIDGE DRIVE
FARMINGDALE ME 04344
Attorney for: YIM K CHEUNG

MITCHELL & DAVIS
86 WINTHROP STREET
AUGUSTA ME 04330


vs
WING KI WU  - DEFENDANT
57 BACK BRYANT RD
BUCKFIELD ME 04220
Attorney for: WING KI WU
G CHARLES SHUMWAY II - RETAINED
CHILDS RUNDLETT FIFIELD SHUMWAY LLC
257 DEERING AVENUE
PORTLAND ME 04103

CINDY WU  - DEFENDANT
57 BACK BRYANT RD
BUCKFIELD ME 04220
Attorney for: CINDY WU
G CHARLES SHUMWAY II - RETAINED
CHILDS RUNDLETT FIFIELD SHUMWAY LLC
257 DEERING AVENUE
PORTLAND ME 04103

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 02/26/2002

## Docket Events:

02/26/2002 FILING DOCUMENT - COMPLAINT FILED ON 02/26/2002

02/26/2002 Party(s):  YIM K CHEUNG
           ATTORNEY - RETAINED ENTERED ON 02/26/2002
           Plaintiff's Attorney: JAMES E MITCHELL

02/26/2002 Party(s):  WING KI WU
           ATTORNEY - RETAINED ENTERED ON 02/26/2002
           Defendant's Attorney: G CHARLES SHUMWAY II

02/26/2002 Party(s):  CINDY WU
           ATTORNEY - RETAINED ENTERED ON 02/26/2002
           Defendant's Attorney: G CHARLES SHUMWAY II

02/26/2002 Party(s):  YIM K CHEUNG
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 02/26/2002
           Defendant's Attorney: JAMES E MITCHELL
           CINDY WU

02/26/2002 Party(s):  YIM K CHEUNG
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 02/26/2002
           Defendant's Attorney: JAMES E MITCHELL